IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CARL WHITEHEAD,
    Petitioner,

v.     Civil Action No. 08-259

GERALD L. ROZUM, et al.,
    Respondents.

## MEMORANDUM AND ORDER

Presently before the Court is the petitioner's motion for the appointment of counsel (Document No. 5). This matter is before the Court for a determination of whether or not, under the facts and circumstances of this case, the Court should exercise its discretion pursuant to 28 U.S.C. §1915(e)(1) and request an attorney to represent the petitioner in prosecuting this action.

The petitioner, Carl Whitehead, an inmate at the State Correctional Institution at Somerset, PA, has filed a petition for a writ of habeas corpus. In his petition, the petitioner states he is presently serving a sentence of 35-70 years imposed on September 25, 2000 following his conviction by a jury of deviate sexual intercourse, rape, indecent assault, aggravated assault, incest, endangering the welfare of a child, and corrupting the morals of a minor. As set forth in his petition, the petitioner contends he is unlawfully being held on these grounds: (1) the trial court erred in dismissing a juror and reducing the jury panel to eleven without his knowledge or consent; (2) the trial court erred in retrying him in violation of the Double Jeopardy Clause; (3) the trial court erred in placing on the record a stipulation that the matter proceed to trial with less than twelve jurors in his absence; and (4) the trial court erred in allowing an exhibit of his alleged written confession to be possessed by the jury during its deliberations.

In considering a motion for the appointment of counsel, this Court must determine whether or not to request counsel to represent this litigant under 28 U.S.C. §1915(e)(1), fully recognizing that if successful, counsel may be entitled to recover fees under the provisions of Section 1988 of Title 42, United States Code. Section 1915(e)(1) gives the Court broad discretion to determine whether the appointment of counsel is warranted, and that determination must be made on a case-by-case basis. Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993).

As a threshold matter, a district court should consider whether a petitioner's claim has arguable merit in fact or law. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997); Tabron, supra, 6 F.3d at 155. If the court determines that the petitioner's claim has some merit, it should then consider the following factors:

1. the petitioner's ability to present his or her own case;

2. the complexity of the legal issues;

3. the degree to which factual investigation will be necessary and the ability of the petitioner to pursue such investigation;

4. the amount a case is likely to turn on credibility determinations;

5. whether the case will require the testimony of expert witnesses; and

6. whether the petitioner can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457. "The list of factors is not exhaustive, but instead should serve as a guidepost for the district courts. Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Id. at 458.

After careful consideration of the petitioner's allegations, it would appear that the appointment of counsel is not warranted and, therefore, we will not exercise our discretion. First

and foremost, we cannot say with any degree of certainty that the petitioner is setting forth a factual basis which demonstrates that he will ultimately prevail on the merits. Still, in considering factors one and two -- the litigant's ability to present his case and the difficulty of the legal issues involved -- it is clear that the issues presented in the petition are neither difficult nor complex, and nothing in the record indicates that the petitioner is incapable of presenting his case. Likewise, the third consideration -- the degree to which a factual investigation will be necessary, and the petitioner's ability to conduct such investigation -- does not weigh in favor of the appointment of counsel, since the petitioner's case would basically rely on his testimony, and little factual investigation appears to be necessary.

As to the fourth and fifth considerations, we note that while the credibility of witnesses may be at issue in this matter, it does not appear that this case is likely to turn on credibility determinations, nor require the testimony of an expert witness. Thus, it is only the final factor that seemingly weighs in petitioner's favor -- his assertion in his motion that he is not able to afford to retain counsel on his own behalf. This factor alone, however, does not entitle the petitioner to appointed counsel, and it should be considered only when the other factors listed above weigh in his favor.

We do not intimate that the petitioner would not benefit from the appointment of counsel, but rather, it appears that the appointment of counsel will not materially aid justice to such a degree as to warrant the exercise of our discretion. Thus, until such time as a showing is made that the interests of justice require our exercise of discretion, we decline to do so. See Lassiter v. Dept. Social Services, 452 U.S. 18 (1981).

An appropriate Order will be entered.

# O R D E R

AND NOW, this 4th day of March, 2008,

IT IS ORDERED THAT the petitioner's motion for the appointment of counsel (Document No. 5) is hereby denied, without prejudice.

s/ ROBERT C. MITCHELL
United States Magistrate Judge