CARL WHITEHEAD, EK-5805,  )
    Petitioner,  )
      )
    v.  )  Civil Action No. 08-259
      )
GERALD L. ROZUM, et al.,  )
    Respondents.  )

## MEMORANDUM AND ORDER

Mitchell, M.J.

Carl Whitehead, an inmate at the State Correctional Institution at Somerset, has presented a petition and amended petition for a writ of habeas corpus. For the reasons set forth below, the petitions will be dismissed and because no reasonable jurist could conclude that there is a basis for appeal, a certificate of appealability will be denied.

Carl Whitehead, has presented a petition and amended petition for a writ of habeas corpus. In an Order entered on February 25, 2008, the respondents and the District Attorney of Allegheny County were directed to answer and show cause, if any, why the relief sought should not be granted.

Whitehead is presently serving a thirty-five to seventy year sentence imposed following his conviction, by a jury, of deviate sexual intercourse, rape, indecent assault, aggravated assault, incest, endangering the welfare of a child and corrupting the morals of a minor at No. CC 199909216 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence

was imposed on September 25, 2000.[1]

An appeal was taken to the Superior Court in which the issues presented were:

I. Did the Trial Court err in admitting hearsay evidence over the objection of defense counsel?

II. Did the Trial Court err in sentencing the defendant to an aggregate term of incarceration of not less than 35 nor more than 70 years of incarceration, substantially in excess of the sentence guidelines without providing adequate reasons or the appropriate sentencing factors?

III. Was trial counsel ineffective in:

    A. Failing to object to the admission of prejudicial evidence when legal grounds to do so existed?

    B. Failing to object to the admission of inflammatory photograph which had limited relevance?

    C. Failing to adequately cross-examine Commonwealth's witnesses?

    D. Failing to object to improper closing argument by the Commonwealth's attorney?

IV. Did the Trial Court err when it denied the defendant's motion to dismiss the charges on the basis of double jeopardy due to prosecutorial misconduct?[2]

On April 25, 2002, the judgment of sentence was affirmed and relief was not sought from the Supreme Court of Pennsylvania.[3]

---

[1] See: Petition at ¶¶ 1-7. At the petitioner's first trial he was convicted of endangering the welfare of children and the jury was unable to reach a verdict on the remaining counts. On retrial he was convicted on all of the remaining counts and the instant sentence was imposed.

[2] See: Appendix A to the petition and Commonwealth's Exhibit 8.

[3] See: Petition at ¶ 9 and Commonwealth's Exhibit 10.

On April 3, 2003, a post-conviction petition was executed.[4] That petition was dismissed on July 15, 2003.[5] An appeal was taken to the Superior Court in which the issues presented were:

    I. Whether PCRA court erred when it dismissed petitioner's PCRA petition without an evidentiary hearing or independent review of the record?

    II. Whether PCRA court erred when it denied petitioner's objection to dismissal of PCRA petition as untimely without applying the prisoner's mail box rule?

    III. Whether PCRA counsel was ineffective in filing no merit letter when the issues raised were of arguable merit on the face of the record?

    IV. Whether trial court erred when it violated petitioner's right to be present at all stages of trial?

    V. Whether trial court erred when it denied petitioner the right to trial by jury guaranteed by Art.I, § 6 of the Pennsylvania Constitution and PA.R.CRIM.P Rule 641?

    VI. Whether trial court erred when it denied petitioner the right to confront and impeach Commonwealth's key witness in violation of both the Pennsylvania and United States Constitutions?

    VII. Whether trial court erred when it denied petitioner counsel at a critical stage of the trial process?

    VIII. Whether trial counsel was ineffective for failing to call the original East Pittsburgh police officers called to 68 Prospect Terrace on 6/22/99?

    IX. Whether trial counsel was ineffective in failing to object to Commonwealth Exhibit "1" going out with the jury during deliberations in violation of PA.R.CRIM.P. Rule 646?

    X. Whether all prior counsel were ineffective in failing to raise, preserve and argue the selective prosecution of petitioner?

    XI. Whether all prior counsel, trial, appellate and PCRA counsel were ineffective for failing to raise, preserve and argue the issues petitioner raised in PCRA

---

[4] See: Petition at ¶ 11(a)(3) and Commonwealth's Exhibit 11.

[5] See: Petition at ¶11(a)(8) and Commonwealth's Exhibit 16.

petition and on appeal?[6]

On July 26, 2005, the Superior Court remanded the matter for a hearing to determine whether prejudice resulted from the petitioner's confession being provided to the jury during its deliberation, and whether defense counsel was ineffective in failing to demonstrate that the word "not" had been left out of the confession thereby changing it from being inculpatory to being exculpatory.[7] Following a hearing post-conviction relief was again denied and an appeal was taken to the Superior Court in which the issues presented were:

> I. Whether appellate counsel gave ineffective assistance for failing to argue that trial counsel gave ineffective assistance for failing to object to Mr. Whitehead's written confession going out with the jury during deliberations?
>
> II. Whether appellate counsel gave ineffective assistance for failing to argue that trial counsel gave ineffective assistance for failing to object to the first trial where Mr. Whitehead was convicted of endangering the welfare of minors with a jury that was less that twelve (12) jurors without Mr. Whitehead's waiver on the record?[8]

On November 29, 2007, the Superior Court affirmed the denial of post conviction relief,[9] and on February 1, 2008, the Superior Court denied Whitehead's petition for rehearing en banc.[10] A petition for leave to appeal to the Pennsylvania Supreme Court was filed on February 22, 2008.[11] In that petition, Whitehead contended he was entitled to relief on the following grounds:

---

[6] See: Appendix C to the petition and Commonwealth's Exhibit 26.

[7] See: Commonwealth's Exhibit 28.

[8] See: Appendix D to the petition and Commonwealth's Exhibit 35.

[9] See: Petition at ¶11(c) and Commonwealth's Exhibit 38.

[10] See: Petition at ¶18.

[11] See: Commonwealth's Exhibit 41.

I. Appellate counsel gave ineffective assistance for failing to raise the claim that trial counsel gave ineffective assistance for failing to object to Mr. Whitehead's written confession going out with the jury during deliberations.

II. The Superior [Court] erred in ruling that a new trial can never be granted to crimes where the petitioner is not serving a sentence.

III. Appellate counsel gave ineffective assistance for failing to argue that trial counsel gave ineffective assistance for failing to object to the first trial where Mr. Whitehead was convicted of endangering the welfare of minors with a jury that was less than twelve (12) jurors without Mr. Whitehead's waiver on the record.[12]

Leave to appeal was denied on July 30, 2008.[13]

The instant petition was executed on February 13, 2008, and in it the petitioner contends he is entitled to relief on the following grounds:

I. Trial court erred in Dismissing juror No.10, reducing jury panel to eleven prior to verdict without petitioner's consent barring [subsequent] retrial in violation of the Fifth Amendment of the U.S. Constitution...

II. Trial court erred in retrying petitioner in violation of the double jeopardy clauses of both the Pennsylvania and U.S. Constitutions.

III. Trial court erred in placing stipulation to proceed with less than 12 jurors on trial record in absence of petitioner, when petitioner was being held in the Courthouse bull pen.

IV. Trial court erred when it allowed Commonwealth Exhibit #1 [petitioner's confession] in the possession of the jury during deliberations, violating petitioner's rights.

V. Prosecutorial misconduct: tampering with jury during deliberations.

VI. Prosecutorial misconduct: knowingly using false testimony.

VII. Prosecutorial misconduct: placing his personal opinion and testifying to truthfulness and credibility of prosecution witnesses.

---

[12] Id.

[13] See: Supreme Court Docket 117 WAL 2008.

VIII. Ineffective assistance of trial counsel: failure to object to proceedings with eleven jurors without the consent or presence of petitioner.

IX. Ineffective assistance of trial counsel: failing to investigate jury tampering and obstruction of justice by the prosecutor.

X. Trial court erred denying petitioner the right to confront and impeach Commonwealth's key witness in violation of Pennsylvania and U.S. Constitutions.

XI. All prior counsel were ineffective for failing to raise and argue the above listed issues and issues raised in pro se petition for post-conviction relief.

Initially, we observe that the instant petition appears to have been timely filed and the Commonwealth so concedes.[14] The next issue which needs to be addressed is that of exhaustion.

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez,

---

[14] See: Answer at p.17.

supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly

7

established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

As the Commonwealth correctly argues, at the time the petition was filed, an application for allowance of appeal to the Pennsylvania Supreme Court was pending, and for this reason, there existed available state court remedies which had not been exhausted and the petition here was subject to dismissal. However, on July 30, 2008, the Supreme Court denied leave to appeal and for that reason, the available state court remedies have been exhausted and the petition is now properly before this Court.

The factual background to this prosecution is set forth in the July 26, 2005 Memorandum of the Superior Court in which it is noted:

> Whitehead was convicted, by a jury, of involuntary deviate sexual intercourse, rape, aggravated assault, incest, indecent assault, endangering the welfare of children and corruption of minors. The charges stemmed from his sexual assault on his seven-month-old infant daughter. The criminal complaint was based upon information provided to the police by Tamika Robinson, Whitehead's former girlfriend and the mother of two of his children, one of which was the victim. While changing the baby's diaper, Robinson discovered severe injuries to the infant's genitalia and anus. Robinson confronted the defendant, whom she claimed confessed to her that he had performed sexual acts upon the infant victim while under the influence of drugs the previous evening. Despite this alleged confession, Robinson did not report defendant's conduct for almost four weeks because of her fear of Whitehead. At trial, the defense maintained Whitehead was innocent, arguing that Robinson's jealous streak caused her to fabricate that the defendant was the perpetrator.
>
> During trial and prior to reaching a verdict, one of the twelve jurors was dismissed and deliberations continued with just eleven jurors. The eleven were deadlocked on all but one court; they found Whitehead guilty of endangering the welfare of a child. Because the jurors were hung on the remaining counts, the court declared a mistrial. After a second trial, the jury convicted Whitehead of all remaining counts.[15]

---

[15] See: Appendix F to the petition and Commonwealth's Exhibit.28.

Exhaustion:

As the Commonwealth correctly observed, petitioner's issues II, V, VI, IX, X and XI were never presented in any form to the courts of the Commonwealth for their consideration in the first instance and are therefore not properly before this Court for consideration. In <u>Coleman v.Thompson</u>, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

Because there was no bar to the petitioner raising those issues in the Commonwealth courts, and because he has not demonstrated a fundamental miscarriage of justice would result from not considering those issues here he is barred from raising them at this juncture.

Issues I, III, IV and VII are more troublesome. Issues I and III which concern his conviction by a jury of eleven members, which the petition here frames in the context of trial court error, were presented to the Pennsylvania appellate courts as ineffective assistance of counsel claims[16]. Issue IV regarding the propriety of permitting his confession to be in the possession of the jury during deliberations also is presented here as a trial court error but was presented to the Pennsylvania courts as an ineffective assistance of counsel claim[17] Likewise, issue VII here regarding prosecutorial misconduct was presented to the Commonwealth courts as

---

[16] Supreme Court, PCRA issue III.

[17] Supreme Court PCRA issue I.

9

an ineffective assistance of counsel issue.[18] Finally, issue VIII regarding ineffective counsel for failure to object to the proceedings at the first trial after the jury was reduced to eleven members was raised as a defect of appellate counsel to raise the claim of inadequacy of trial counsel.[19]

We recognize that the context in which the issues are raised here must be the substantial equivalent of how those issues were presented to the state courts. Halloway v. Horn, 355 F.3d 707 (3d Cir.2004). For this reason, it would appear that only the petitioner's issue VIII would meet this criterion. Nevertheless, out of an abundance of caution, issues I, III, IV and VII will also be discussed here in the context of an ineffective assistance of counsel claim.

Merits of Petition.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is

---

[18] Superior Court Direct appeal issue III.D.

[19] Supreme Court PCRA issue III.

conjunctive and a habeas petitioner must establish both the deficiency in the performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Dooley v. Petsock, 816 F.2d 885, 889 (3d Cir. 1987), cert. denied, 484 U.S. 863 (1987). As a result, if a petitioner fails on either prong, he loses. Holladay v. Haley, 209 F.3d 1243, 1248 (11th 2000) ("Because both parts of the test must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.")(citation omitted); Foster v. Ward, 182 F.3d 1177, 1184 (10th Cir. 1999) ("This court may address the performance and prejudice components in any order, but need not address both if Mr. Foster fails to make a sufficient showing of one.")

Issues I, III and VIII concern the fact that the verdict in the petitioner's first trial was rendered by a jury of eleven members. As noted above that jury convicted him of endangering the welfare of children and was unable to reach a verdict on the remaining counts.

We observe that the Sixth Amendment to the Constitution requires only a "speedy and public trial, by an impartial jury" but does not require a jury of twelve members. Williams v. Florida,, 399 U.S. 78 (1970). At the post-conviction hearing, trial counsel testified that he had no independent recollection of opting to proceed with eleven jurors but rather if that had been his decision, he would have discussed it with the petitioner.[20] However, more telling is petitioner's Exhibit "G" a letter from his counsel to him in which counsel stated:

> As far as you being convicted by 11 jurors, that was my trial strategy as I did not like that 2 alternates, in fact the information that I obtained the two alternates could not believe that the jury was hung as they both thought you were guilty. You were not denied due process as you were convicted by all jurors at one count.

---

[20] See: Commonwealth's Exhibit 29 at pp.30-33.

Thus, the decision to proceed with eleven jurors was a strategic one and as such was not unreasonable considering what counsel believed the alternative of seating an alternate juror might have been. Rolan v. Vaughn, 445 F.3d 671 (3d Cir.2006). For this reason, counsel's determination did not fall below an objective standard of reasonableness, and these claims do not provide a basis for relief here.[21]

Issue IV concerns the propriety of permitting the petitioner's confession to be in the possession of the jury during its deliberations. The record reveals that the confession had been read to the jury during the course of the trial, and that the confusion engendered by the allegedly missing "not" was regarded by trial counsel as a strategic matter and for this reason he wanted the jury to sense the full tenor of the confession making the absence of the negative appear to be more reasonable since the letter expressed petitioner's feelings for his children and desire to have the matter properly resolved.[22] Additionally, absent fundamental unfairness, as a evidentiary matter under state law, it is not properly before this Court. Estelle v. McGuire, 502 U.S. 62 (1991). Thus, this argument does not provide a basis for relief.

Finally, the petitioner presents his VII argument which we treat as an allegation that counsel was ineffective for failing to object to the prosecutor placing his personal interpretation of the evidence before the jury. Specifically, during his closing argument, the prosecutor made a dramatic argument analogizing the screams of the victim to the screams of the lambs in "Silence

---

[21] Additionally, the trial court noted in her opinion of January 9, 2007, Commonwealth's Exhibit 33 at p.5, that she "did not impose a sentence on the EWC [endangering Welfare of a Child] charge so that the petitioner is not nor will he be serving any sentence on this count and does not satisfy the custody requirement of §2254.

[22] See: Commonwealth's Exhibit 29 at pp.34-41 and Commonwealth's Exhibit 42.

of the Lambs" and contending that the evidence was more than adequate to convict the petitioner.[23] In considering this argument we defer to the Superior Court which wrote:

> In the instant case, the record shows that the child was screaming during the assault, so loudly that Appellant turned up the television so as to hide her cries. The prosecutor chose to focus on these screams as part of his closing argument. The reference to the screams in the movie was acceptable oratorical flair, and counsel cannot be found ineffective for failing to object.[24]

This argument, while dramatic, was clearly based on evidence in the record[25] and clearly was not so egregious as to render the trial fundamentally unfair. United States v. Young, 470 U.S. 11 (1985). Accordingly, counsel cannot be deemed ineffective for failing to object.

Conclusion:

Because the petitioner has either failed to raise some of his issues in the appellate courts of the Commonwealth, or because those issues which he appears to have so raised are meritless, the petition of Carl Whitehead for a writ of habeas corpus will be dismissed, and because there is no basis upon which reasonable jurists could disagree, a certificate of appealability will be denied.

An appropriate Order and Judgment will be entered.

---

[23] See: Commonwealth's Exhibit 3 at pp.116-117.

[24] See: Commonwealth Exhibit 10 at p.16.

[25] See: Commonwealth Exhibit 3 at pp. 29, 77, 82.

ORDER

AND NOW, this 5th day of August, 2008 for the reasons set forth in the foregoing Memorandum the petition of Carl Whitehead for a writ of habeas corpus will be dismissed, and because there is no basis upon which reasonable jurists could disagree, a certificate of appealability will be denied.

Judgment accordingly will be entered on August 19, 2008 unless before that date the petitioner shows cause why it should not be entered.

s/Robert C. Mitchell,
United States Magistrate Judge